J-S40006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| NIEJEA FRANKLIN STERN | : | |
| | : | |
| Appellant | : | No. 1535 MDA 2024 |

Appeal from the PCRA Order Entered September 27, 2024
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005134-2014

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

JUDGMENT ORDER BY LAZARUS, P.J.:      **FILED: DECEMBER 31, 2025**

Niejea Franklin Stern appeals, pro se, from the order, entered in the Court of Common Pleas of Dauphin County, denying his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We quash.

In March 2016, Stern was convicted of first-degree murder and a firearms offense, committed when he was 15 years old. He was initially sentenced to a mandatory term of life imprisonment without the possibility of parole; this Court vacated his sentence in light of **Miller v. Alabama**, 567 U.S. 460 (2012) (mandatory sentence of life in prison without parole unconstitutional for offenders under eighteen years old), and **Montgomery v. Louisiana**, 577 U.S. 190 (2016) (holding **Miller** applies retroactively), and remanded for resentencing. **See Commonwealth v. Stern**, 1959 MDA 2016 (Pa. Super. filed Nov. 22, 2017) (unpublished memorandum decision). On

March 9, 2018, the trial court resentenced Stern to serve a term of 45 years' to life imprisonment. On February 15, 2019, this Court affirmed his judgment of sentence. *See id.*, 653 MDA 2018 (Pa. Super. filed Feb. 15, 2019) (unpublished memorandum decision).

On June 12, 2019, Stern filed a pro se PCRA petition; the PCRA court appointed counsel, who filed a petition to withdraw and accompanying *Turner*/*Finley*[1] "no-merit" letter. The PCRA court ultimately dismissed the petition on September 22, 2021.

Stern subsequently filed two additional PCRA petitions on March 17, 2023, and April 5, 2023, which the PCRA court disposed of together. On June 20, 2024, the court issued Pa.R.Crim.P. 907 notice of its intent to dismiss Stern's petitions as untimely and without an exception,[2] to which Stern

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (en banc).

[2] The timeliness of a PCRA petition is a jurisdictional threshold and may not be disregarded in order to reach the merits of the claims raised in an untimely petition. *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). Generally, a PCRA petition, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final unless the petitioner alleges, and proves, that an exception to the time for filing the petition is met. *See* 42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii) (time bar overcome where petitioner pleads and proves governmental interference with presentation of claim, newly discovered facts, or after-recognized constitutional right held to apply retroactively). Here, Stern's judgment of sentence became final on March 18, 2019, thirty days after this Court affirmed his judgment of sentence, where Stern did not file a petition for allowance of appeal to our Supreme Court. *See id.* at § 9545(b)(3); Pa.R.A.P. 903. Accordingly, Stern had until March 18, 2020, to file a timely PCRA petition. The instant petitions, filed in March and April of 2023, were facially untimely.

responded by filing yet another PCRA petition. The PCRA court dismissed Stern's petitions on September 27, 2024, and Stern filed a timely pro se notice of appeal. Both Stern and the PCRA court have complied with Pa.R.A.P. 1925.

Prior to reaching the merits of Stern's claims, we must address the deficiencies in his brief. Stern's handwritten, poorly photocopied, and nearly illegible pro se brief fails in all respects to comply with the Rules of Appellate Procedure. The brief does not contain the order in question, a statement of jurisdiction, a statement of the scope and standard of review, a statement of questions involved, a statement of the case, or summary of the argument. *See* Pa.R.A.P. 2111(a). Stern's status as a pro se litigant does not relieve him of his obligation to adhere to the Rules of Appellate procedure.

> Although this Court is willing to liberally construe materials filed by a pro se litigant, pro se status confers no special benefit upon [an] appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing.

*In re Ullman*, 995 A.2d 1207, 1211-12 (Pa. Super. 2010) (citations omitted). "[W]hen issues are not properly raised and developed in briefs, [or] when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." *Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017) (citation omitted).

Moreover, Stern's filing appears to be an attempt to present yet another PCRA petition, raising previously litigated issues relating to the legality and discretionary aspects of his sentence, as well as an allegation of trial court

error for failure to grant his suppression motion—a claim that is both previously litigated and not cognizable under the PCRA. ***See Commonwealth v. Stern***, No. 1959 MDA 2016 (Pa. Super. filed Nov. 22, 2017) (unpublished memorandum decision) (rejecting claim trial court erred in failing to suppress photo array identifications of Stern); 42 Pa.C.S.A. § 9544(a)(2) (issue previously litigated if highest court in which petitioner could have had review as matter of right has ruled on merits of issue).

Because Stern's brief fails in any respect to comply with our Rules of Appellate Procedure, raises issues that have been previously litigated, and fails to satisfy any of the timeliness exceptions, we quash the appeal.

Appeal quashed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/31/2025